**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONIQUE RUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| AEGIS RECEIVABLES | ) | |
| MANAGEMENT, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, MONIQUE RUE, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, AEGIS RECEIVABLES MANAGEMENT, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Bedford Heights, Ohio.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt.

6.      On information and belief, Defendant is a corporation of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business in Irving, Texas.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.      During the calendar year 2009, representatives of Defendant began contacting Plaintiff by telephone regarding collection of the aforementioned alleged debt, often calling Plaintiff multiple times per day.  For example, on October 16, 2009, representatives of Defendant placed ten telephone calls to Plaintiff in a twelve-minute period.

8.      Moreover, in one of the aforementioned telephone calls to Plaintiff, when Plaintiff asked Defendant's representative to cease calling her, Defendant's representative indicated to Plaintiff that he would "continue to call [Plaintiff] 100 times if he liked."

9.      In addition, during many of these telephone calls, representatives of Defendant used offensive and abusive language in speaking with Plaintiff.

10.     Defendant also failed to send Plaintiff a written notice letter regarding the alleged debt, as required by 15 U.S.C. § 1692g(a).

11.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

      a.      Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass her, in violation of 15 U.S.C. § 1692d(5);

      b.      Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

      c.      Failing to send the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a);

      d.      Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

      e.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MONIQUE RUE, respectfully prays for a judgment against Defendant as follows:

      a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

13.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14.    Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

15.    Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

16.    Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

17.    Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

18.    Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

19.    As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, MONIQUE RUE, respectfully prays for judgment against Defendant as follows:

a.    All statutory damages to which Plaintiff is entitled for each violation;

b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.       Such other and further relief as may be necessary, just and proper.


## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.


Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd., Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(866) 382-0092 (facsimile)
dlevin@attorneysforconsumers.com